UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

DR. GERALD R. FINKEL, as Chairman of
the Joint Industry Board of the Electrical
Industry,

                        Petitioner,

     -against-

G ENERGY SOLUTION & SERVICES,
INC.,

                       Respondent.
----------------------------------------------------------X

**SUPPLEMENTAL REPORT AND
RECOMMENDATION**
22-CV-4276 (HG) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

        On July 21, 2022, Petitioner, Dr. Gerald R. Finkel, as Chairman of the Joint Industry Board of the Electrical Industry, filed a petition to confirm and enforce an arbitration award (the "Award") entered against Respondent, G Energy Solution & Services, Inc. on June 27, 2022. (*See* Pet. to Confirm Arbitration Award ("Pet."), ECF No. 1, ¶ 31; Arbitration Opinion and Award ("Award"), ECF No. 1-8.) The arbitrator issued the Award upon finding that Respondent violated the collective bargaining agreement ("CBA") between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union") and Respondent. (*See generally* Award, ECF No. 1-8.)

        On December 19, 2022, following referral of Petitioner's motion for summary judgment to the undersigned Magistrate Judge, the Court recommended granting the Petition, confirming the Award, and awarding judgment in the amount of $92,053.81, plus $842 in attorney's fees.[1] (*See* Report and Recommendation, ECF No. 12, at 13.) The

---

[1] On January 10, 2023, the Honorable Hector Gonzalez "adopt[ed] the Report and Recommendation in its entirety." (Jan. 10, 2023 ECF Order Adopting Report and Recommendation.)

1

Court declined, however, to recommend an award of prejudgment interest from the date of the Award, on the basis that Petitioner had not "provided calculations or proposed how prejudgment interest should be calculated." (*Id.* at 13 n.10.) That said, the Court gave Petitioner leave to "submit proposed prejudgment interest calculations by January 3, 2023." (*Id.*)

Petitioner subsequently filed a Declaration on December 30, 2022, providing supplemental calculations and requesting an award of prejudgment interest. (*See* Decl. of Matthew Kelly ("Decl."), ECF No. 14; Interest Breakdown, ECF No. 14-1.) For the following reasons, the Court respectfully recommends awarding prejudgment interest as requested by Petitioner.

## ANALYSIS[2]

Although a discretionary award, "there is 'a presumption in favor of prejudgment interest'" in this Circuit, "particularly where the agreement between the parties states that an arbitration decision is final and binding." *Finkel v. Pomalee Elec. Co., Inc.*, 16-CV-4200 (DRH) (AKT), 2018 WL 1320689, at *12 (E.D.N.Y. Feb. 22, 2018) (citation and second quotation marks omitted) (quoting *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)), *report and recommendation adopted*, 2018 WL 1318997 (E.D.N.Y. Mar. 14, 2018). Here, the Court notes that the Arbitration Procedures agreed to by the parties state that all awards "shall be final and binding." (Arbitration Procedures, ECF No. 1-4, § IX.B; *see also* CBA, ECF No. 1-2, art. I § 2(e).) The Court therefore finds that an award of prejudgment interest is appropriate.

---

[2] This Supplemental Report and Recommendation assumes familiarity with the underlying facts and procedural history of this case and incorporates the Court's prior Report and Recommendation by reference. (*See* Report and Recommendation, ECF No. 12.)

The amount of prejudgment interest awarded "shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of [the Internal Revenue Code]." 29 U.S.C. § 1132(g)(2). Here, Petitioner directs the Court to an amendment to the collection policy stating that "[i]nterest on delinquent contributions will be charged at 8%."[3] (Collection Policy, ECF No. 1-3, at ECF page 8, ¶ 4.) Plaintiff accordingly uses the following formula to calculate prejudgment interest with respect to the unpaid contributions owed, per day:

$$(\text{principal amount of unpaid contributions}) \times .08 \text{ (applicable interest rate)}/365$$

(*See* Decl., ECF No. 14, ¶ 10.) Based on the rate set forth in the collection policy, the Court recommends an award of prejudgment interest using this same formula. *See Finkel*, 2018 WL 1320689, at *12 (using the JIB's collection policy to provide the relevant interest rate). Prejudgment interest should therefore be awarded at a rate of $15.22 (=$69,449 x .08 / 365) per day. (*See* Award, ECF No. 1-8, at 5; *see also* Report and Recommendation, ECF No. 12, at 13.)

Petitioner appears to request an award of prejudgment interest calculated from the date the unpaid contributions became due to the present. (*See* Decl., ECF No. 14, ¶ 9; Interest Breakdown, ECF No. 14-1.) The Court notes, however, that the arbitrator incorporated an award of prejudgment interest of $3,997.57 in the Award issued on June 27, 2022, and the Court included this amount in the judgment recommended in the prior Report and Recommendation (and later adopted by Judge Gonzalez). (*See* Award,

---

[3] The Court previously expressed concern regarding calculating prejudgment interest due to the different interest rate applicable to unpaid NEBF funds. (*See* Report and Recommendation, ECF No. 12, at 13 n.10.) Petitioner's recent filing confirms that "there are no amounts owed to the NEBF" in this case. (*See* Decl., ECF No. 14, ¶ 6.) The Court therefore recommends an award of prejudgment interest on the unpaid contributions, as found by the arbitrator, based on the 8% rate provided for in the Collection Policy. (Collection Policy, ECF No. 1-3, at ECF page 8, ¶ 4.)

3

ECF No. 1-8, at 5, 7; Report and Recommendation, ECF No. 12, at 13.) Accordingly, rather than double counting, i.e., awarding prejudgment interest twice for the period preceding the date of the Award, the Court respectfully recommends awarding prejudgment interest on the amount of unpaid contributions — as found by the arbitrator — from the date of the Award until the date of judgment, at the 8% rate set forth in the Collection Policy. Prejudgment interest should therefore be calculated from June 27, 2022, through the date the Clerk of Court enters final judgment, at a per diem rate of $15.22.

## CONCLUSION

For the foregoing reasons and based on Petitioner's supplemental filing, the Court respectfully recommends entering judgment in favor of Petitioner, as follows. Petitioner should be awarded (1) judgment in the amount of **$92,053.81** consisting of (a) JIB Contributions of $45,938.73; (b) DSP Contributions of $23,510.91; (c) additional interest in the amount of $3,997.57, as awarded by the arbitrator; (d) liquidated damages of $13,889.93; (e) legal, administrative and arbitration fees of $4,716.67; (2) **$842** in attorney's fees and costs in connection with this case; and (3) prejudgment interest calculated at a daily rate of **$15.22** from June 27, 2022, through the date the Clerk of Court enters final judgment.

\*   \*   \*   \*   \*

This Supplemental Report and Recommendation will be filed electronically, and a copy will be sent by mail to Respondent G Energy Solution & Services, Inc. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Hector Gonzalez, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

**SO ORDERED.**

Dated:  Brooklyn, New York
        January 13, 2023

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE